# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| **United States of America,** | ) | No. 3-06-MJ-00100-JDR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Affidavit of** |
| | ) | **Steven M. Rosenberg** |
| **Mario Aguilar-Hernandez,** | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

I, Steven M. Rosenberg, am a Special Agent with the United States Department of Homeland Security [DHS], Immigration and Customs Enforcement [ICE], currently employed in the Anchorage, Alaska field office. I have been assigned as case agent in the matter of Mario Alberto Aguilar-Hernandez, and in that capacity declare as follows:

1.  I have been a Special Agent with the United States Department of Justice, Immigration and Naturalization Service [INS], and as of March 01, 2003, with ICE, for approximately ten years. My primary investigative assignment has been the investigation of immigration and customs related matters. I have been involved in numerous immigration and customs cases either as a participating investigator or as a case agent. I have received Basic Immigration Officer Training, Journeyman Special Agent Training, and Special Agent Refresher Training.

2.  Any facts or circumstances that are cited in this affidavit are familiar to me through my direct participation in this investigation and as related to me by other law enforcement officers pertaining to this investigation.

3.  This affidavit is made in support of a criminal complaint charging Mario Aguilar-Hernandez with:

> Violation of Title 8, United States Code, Section 1326(a), which makes it unlawful for an alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter, enters, attempts to enter, or is at any time found in, the United States, unless prior to his reembarkation at a

1

place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission.

4. On May 24, 2006, ICE Special Agents encountered Mr. Aguilar-Hernandez at a residential construction site off Hyatt Road in Anchorage, Alaska after he attempted to flee the scene. Mr. Aguilar-Hernandez was then questioned about his nationality, at which time he acknowledged that he was a native and citizen of Mexico.

5. At the time of his arrest, Mr. Aguilar-Hernandez was in possession of a United States Border Crossing card [B1/B2 visa] and a Form I-94 [Departure Record], both bearing his identity. The Form I-94 indicated that Mr. Aguilar-Hernandez entered the United States as a visitor for pleasure on February 24, 2006, at El Paso, Texas. Verification checks through DHS indices confirmed Mr. Aguilar-Hernandez's entry on February 24, 2006, as well as a previous deportation from the United States to Mexico that occurred on March 18, 2005.

6. On May 25, 2006, Mr. Aguilar-Hernandez was advised of his Miranda Warning Rights and, after stating that he understood those rights, was interviewed at the Anchorage ICE office. Mr. Aguilar-Hernandez admitted that he had previously been deported from the United States to Mexico in March 2005. Mr. Aguilar-Hernandez was then asked if he had requested permission from the Attorney General to reapply for admission into the United States by submitting an Application for Permission to Reapply for Admission into the United States After Deportation or Removal [Form I-212] after his deportation on March 18, 2005, and prior to his entry on February 24, 2006. Mr. Aguilar-Hernandez replied that he had not filed any such application. Checks through DHS indices revealed that there was no indication that Mr. Aguilar-Hernandez had, at any time, filed a form I-212.

7. Upon receipt of Mr. Aguilar-Hernandez's alien file [A98 288 174] from the National Records Center, a review of the file was conducted. File A98 288 174 contained no evidence of a Form I-212 ever having being filed with the DHS on Mr. Aguilar-Hernandez's behalf.

8. On June 5, 2006, a Form FD-249 fingerprint card, on which Mr. Aguilar-Hernandez's fingerprints were impressed incident to his arrest on May 24, 2006, was taken to the Records and Identification Bureau of the Alaska Department of Public Safety to be compared with index fingerprint impressions found on a Form I-205 [Warrant of Deportation] and a Form I-294 [Warning to Alien Ordered Removed or Deported] that were taken from file A98 288 174. Fingerprint Operator Jenifer Burris compared the index fingerprints from each of the aforementioned documents and confirmed that they all had been taken from one and the same individual.

9.      Based upon these events, there is reasonable cause to believe that Mario Aguilar-Hernandez was unlawfully present in the United States on May 24, 2006, in violation of Title 8, United States Code, Section 1326(a).

                         FURTHER YOUR AFFIANT SAYETH NAUGHT.

                         /s/ Steven M. Rosenberg
                         Steven M. Rosenberg
                         Special Agent
                         U.S. Immigration and Customs Enforcement

SUBSCRIBED AND SWORN TO before me this 7th day of June 2006, at Anchorage, Alaska.

                         /s/ John D. Roberts [seal affixed]
                         JOHN D. ROBERTS
                         United States Magistrate Judge